UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHANELL JOHNSON,

            Plaintiff,  **AMENDED COMPLAINT**

     -against-        11 Civ. 5055 (BSJ) (DCF)

THE CITY OF NEW YORK, P.O. ERNEST    **JURY TRIAL DEMANDED**
GRANTHAM, LT. DOUGLAS MACLEAN, P.O. GARY
PORTER, and P.O. "JOHN DOE," individually and in
their official capacities,

            Defendants.

------------------------------------------------------------------X

  Plaintiff CHANELL JOHNSON, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

  4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CHANELL JOHNSON is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. ERNEST GRANTHAM, LT. DOUGLAS MACLEAN, P.O. GARY PORTER, and P.O. "JOHN DOE" were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On December 2, 2010, at approximately 2:00 p.m., plaintiff CHANELL JOHNSON was lawfully present inside 1430 Amsterdam Avenue, Apartment 7L, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff CHANELL JOHNSON called 911 because her boyfriend, Deshaun McClain, had threatened her with a stun-gun.

15. Defendants P.O. ERNEST GRANTHAM and P.O. "JOHN DOE" responded to the 911 call.

16. When defendant P.O. ERNEST GRANTHAM entered the apartment, plaintiff CHANELL JOHNSON recognized him as a close friend of Deshaun McClain.

17. Defendant P.O. ERNEST GRANTHAM was aware that Deshaun McClain routinely carried a stun-gun.

18. Nonetheless, defendant P.O. ERNEST GRANTHAM insisted that it was plaintiff CHANELL JOHNSON who had a stun-gun and demanded to know where it was.

19. Defendants P.O. ERNEST GRANTHAM and P.O. "JOHN DOE" searched the entire apartment and did not recover a stun-gun or any other contraband.

20. Nonetheless, defendants P.O. ERNEST GRANTHAM and P.O. "JOHN DOE" handcuffed plaintiff CHANELL JOHNSON and placed her under arrest despite defendants' knowledge that they lacked probable cause to do so.

21.    Defendants P.O. ERNEST GRANTHAM and P.O. "JOHN DOE" handcuffed plaintiff CHANELL JOHNSON more tightly and violently than is authorized or required by proper NYPD procedure.

22.    As a result of being handcuffed too tightly and violently, plaintiff CHANELL JOHNSON sustained injuries to her wrists, to wit, bruising, redness, and swelling that remained sore and extremely painful for several days.

23.    Plaintiff CHANELL JOHNSON repeatedly advised defendant P.O. "JOHN DOE" that P.O. ERNEST GRANTHAM was a close friend of Deshaun McClain, and that the arrest was improper.

24.    Defendant P.O. "JOHN DOE" had a realistic opportunity to intervene to prevent the violation of plaintiff CHANELL JOHNSON's constitutional rights, but failed to do so.

25.    Plaintiff CHANELL JOHNSON insisted that a ranking officer be called to the scene.

26.    When defendants LT. DOUGLAS MACLEAN and P.O. GARY PORTER arrived, plaintiff CHANELL JOHNSON explained the situation to them, advised them that P.O. ERNEST GRANTHAM was a close friend of Deshaun McClain, and told them that plaintiff had a photograph of defendant GRANTHAM in her purse.

27.    Defendant s LT. DOUGLAS MACLEAN and P.O. GARY PORTER had a realistic opportunity to intervene to prevent the violation of plaintiff CHANELL JOHNSON's constitutional rights, but failed to do so.

28.    Defendants transported plaintiff CHANELL JOHNSON to PSA 6 of the New York City Police Department in New York, New York, and from there to Manhattan Central Booking.

29. At arraignment, plaintiff CHANELL JOHNSON was not able to make bail and therefore was held and detained in custody at Riker's Island for six days.

30. Plaintiff CHANELL JOHNSON was released from custody when all charges against her were dismissed at her next court appearance.

31. As a result of the foregoing, plaintiff CHANELL JOHNSON sustained, *inter alia*, physical injuries, severe emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff CHANELL JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of the aforesaid conduct by defendants, plaintiff CHANELL JOHNSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiff CHANELL JOHNSON's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Each and every individual defendant had an affirmative duty to intervene on plaintiff CHANELL JOHNSON's behalf to prevent the violation of her constitutional rights.

43. The individual defendants failed to intervene on plaintiff CHANELL JOHNSON's behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

44. As a result of the aforementioned conduct of the individual defendants, plaintiff CHANELL JOHNSON's constitutional rights were violated and she was subjected to a false arrest.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants issued legal process to place plaintiff CHANELL JOHNSON under arrest.

47. Defendants arrested plaintiff CHANELL JOHNSON in order to obtain a collateral objective outside the legitimate ends of the legal process.

48. Defendants acted with intent to do harm to plaintiff CHANELL JOHNSON without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

51. As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical injuries.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants misrepresented and falsified evidence before the District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CHANELL JOHNSON.

57. Defendants lacked probable cause to initiate criminal proceedings against plaintiff CHANELL JOHNSON.

58. Defendants acted with malice in initiating criminal proceedings against plaintiff CHANELL JOHNSON.

59. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CHANELL JOHNSON.

60. Defendants lacked probable cause to continue criminal proceedings against plaintiff CHANELL JOHNSON.

61. Defendants acted with malice in continuing criminal proceedings against plaintiff CHANELL JOHNSON.

62. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

63. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CHANELL JOHNSON's favor on or about December 9, 2010, when all charges against her were dismissed.

## SEVENTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants arrested and incarcerated plaintiff CHANELL JOHNSON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, making unlawful arrests in order to satisfy an arrest quota.

69. The existence of the aforesaid unconstitutional customs and policies may be inferred, *inter alia*, from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information about quotas provided by police officers Adrian Schoolcraft and Adil Polanco, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHANELL JOHNSON.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHANELL JOHNSON as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CHANELL JOHNSON as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHANELL JOHNSON was falsely arrested and incarcerated.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff CHANELL JOHNSON.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CHANELL JOHNSON=s constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff CHANELL JOHNSON of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

       B.      To be free from seizure and arrest not based upon probable cause;

       C.      Not to have excessive force imposed upon her;

       D.      To be free from unwarranted and malicious criminal prosecution;

       E.      To be free from malicious abuse of process;

       F.      Not to have cruel and unusual punishment imposed upon her; and

       G.      To receive equal protection under the law.

77.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff CHANELL JOHNSON demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
              March 14, 2012

                                                                        /s
                                                ROSE M. WEBER (RW 0515)
                                                225 Broadway, Suite 1607
                                                New York, NY 10007
                                                (212) 748-3355